## JOHNSTON *v.* FUQUA.

### Opinion delivered November 25, 1912.

1. BROKER—SALE OF LAND—COMMISSION.—Where, after employing plaintiffs as exclusive agents to effect a sale of certain land during a fixed period of time, defendant made a subsequent agreement with plaintiffs to the effect that defendant should have the right to sell the land himself and pay plaintiffs a commission named, this operated as a modification of the original contract, and plaintiffs were not entitled to notice of a sale so made by defendant and could not claim a commission on a sale thereafter made by them. (Page 362.)

2. APPEAL AND ERROR—HARMLESS ERROR—INSTRUCTION.—The giving of an erroneous instruction was not prejudicial where it is apparent from the verdict that the jury found against appellee on the issue involved in such instruction. (Page 363.)

3. INSTRUCTIONS—REPETITION.—It is not prejudicial error to refuse to give correct instructions where other instructions given fairly submitted the issues. (Page 363.)

Appeal from Miller Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*James D. Head,* for appellants.

1. Appellants were under no obligation to tender money or deed. The extent of their duty was to furnish a purchaser ready, able and willing to buy. 91 Ark. 212.

2.　Instruction 1, given at appellee's request, was erroneous in that it is abstract and inapplicable to the facts in the case.　It ignores any question of estoppel of appellee by reason of occurrences after the alleged statement that the contract expired June 1, was made.　It applies the principle of estoppel as to appellants and absolves appellee therefrom.　Not only was this instruction properly objected to at the time, but appellant's offered instruction No. 5 was tantamount to a specific objection to it.　147 S. W. (Ark.) 86-90.

Appellee, when advised at Ashdown that a sale had been made by appellants, did not then claim that appellants were estopped by anything said by Johnston in the conversation by telephone in April, nor claim any rights based upon that conversation.　He ought not to be heard, now that suit has been brought, to advance the claim that no valid sale had been made, and that the purchaser was not able to pay.　45 Ark. 37; 8 Wend. 562; 46 N. Y. 223; 33 Ark. 465; 50 Ark. 116-131; 59 Ark. 405; 75 Ark. 410; 83 Ark. 548; 64 Ark. 627, 639.

3.　Instruction 5 requested by appellant is the law, and should have been given.　140 S. W. 689.

*William H. Arnold,* for appellee.

1.　Appellants will not be permitted to raise objections here to instruction 1 that were not called to the trial court's attention.　There was only a general objection to the instruction.　90 Ark. 108; 78 Ark. 22; 83 Ark. 61; 88 Ark. 204.

2.　Instruction 5 was properly refused.　There was no evidence whatever upon which to base an instruction that appellee in any manner misled appellants with reference to his sale to Munn.

MCCULLOCH, C. J.　Appellants instituted this action in the circuit court of Miller County against appellee to recover the amount of commissions alleged to have been earned in the sale of a tract of land in Miller County owned by appellee.　The tract of land in question is composed of about 2,000 acres, a part of which is in cultivation, and on March 1, 1911, a written contract was entered into between the parties to this action whereby appellee granted to appellants the exclusive right to sell said property during the period of four months thereafter, and provided that they should have as their commission

all the purchase price over and above $7 per acre. Appellants assert that within the time specified they procured a purchaser for the land "ready, willing and able" to purchase for the price of $8.50 per acre; that they thereby earned a profit or commission of $1.50 per acre, but that appellee refused to consummate the sale and refused to pay the commission. The commission, according to the contention of appellants, amounted to the sum of $3,075.48, and this is the amount for which they prayed judgment. On the trial of the cause before a jury, a verdict was rendered in favor of appellants for the sum of $500. They were not satisfied with the recovery of that amount, and have prosecuted an appeal to this court, and urge, as grounds for reversal, that the court erred in giving one of the instructions requested by appellee and in refusing to give two of the instructions which they requested.

It is undisputed that about the middle of the month of April, 1911, the parties had an interview, in which appellee stated that he had a prospective purchaser for the land, and proposed to pay appellants a commission of $500 on the sale, if made, and that appellants agreed to accept that amount if the sale should be made by appellee himself. There is, however, a dispute in the testimony as to one point in this interview: Appellants insist that, when this proposal was made, they agreed to accept the commission of $500 provided the sale was made in a day or two, and that they be notified of it; whereas appellee testified that the agreement did not embrace any such condition as that. Appellee testified that on the same occasion he asked appellants to tell him when the contract expired; that he had lost his copy of the contract and did not know the date of expiration; and that appellants informed him on that occasion that the contract expired on May 31, 1911. He further states that on the faith of that statement to him he gave to one Munn an option on the place to take effect on June 1, that, during the month of June, Munn elected to purchase the place, and that he consummated the sale and conveyed the property to him. Appellants testified that on or about June 15, they negotiated a sale of the land to one Sanderson, and immediately requested appellee to furnish an abstract of title, which he promised to do, but failed to comply with his promise. On June 30, which was the last

day of the contract, they closed the trade with Sanderson, and entered into a written contract with him for the sale of the property. It is upon this sale that they seek to recover the commission, but the jury allowed them the sum of $500 as a commission on the sale made by appellee himself.

Numerous instructions were given at the request of each side.

The following instruction was one of those given at the request of appellants:

"If you find that plaintiffs did, in April, 1911, agree to allow defendant to sell the land to the party with whom he was negotiating, and did agree to accept $500 for their commissions, and that Fuqua did not, at the time, agree to make the sale in any specified time, and that plaintiffs did not lead Fuqua to believe and act upon the belief that their contract on said lands expired June 1, then you are instructed that plaintiffs, if the contract of sale was made by Fuqua on or prior to June 30, 1911, are entitled to recover in the sum of $500."

Now, this is the instruction upon which the jury evidently based the verdict in appellants' favor for the sum of $500. In following this instruction it is manifest that the jury found that appellants agreed to accept the commission of $500, without condition as to the time the sale should be made, and that they did not mislead appellee by any statement as to the date of the expiration of the contract.

Appellants also requested the court to give, among others, instructions numbered 4 and 5, which read as follows:

"4. If you find that in April, 1911, Fuqua did advise plaintiffs that he had a prospective purchaser and asked plaintiffs what they would charge as a commission if he sold the property himself, and they agreed to charge $500, yet if you further find that Fuqua represented at the time that if he made the sale it would be made in a day or two, and he would immediately report it, and failed to either make the sale within a day or two, or, having made it, failed to report it to plaintiffs within a reasonable time, then in either event plaintiffs would not be estopped from claiming commissions if thereafter they in good faith sold said property in accordance with

the terms of the written contract to a responsible party and within the time named in the contract."

"5. If you find that about April 15, 1911, plaintiffs did agree to accept in full payment from defendant the sum of $500 if defendant sold to the party with whom he was then negotiating, yet, if you further find from the proof that defendant did make the sale within the time contemplated and thereafter failed to promptly report such sale within the time stipulated (or, if no time was stipulated, then within a reasonable time thereafter), but withheld knowledge of such sale from plaintiff and requested or encouraged them or knowingly suffered them to continue their efforts to sell same, and as a result thereof plaintiffs did, within the time allowed by the contract, effect a sale, on the terms authorized by the contract, to a person who was able, ready and willing to take same on such terms, then plaintiffs are entitled to recover commissions as specified in the contract."

The court gave No. 4 as requested, but refused to give No. 5. The effect of instruction No. 4 was to tell the jury that appellants would be entitled to the full amount of commissions on the sale made by themselves if the agreement to accept $500 was limited to a sale made by appellee within a day or two and immediately reported to them. So, the jury necessarily found, in returning a verdict in favor of appellants for only $500, that there was no such limitation of time upon the sale made by appellee himself. But in refused instruction No. 5 appellants asked the court to go further and tell the jury that, even if appellee made a sale of the land within the time limited by the oral agreement and pursuant thereto, yet, if he failed to inform them of such sale, and suffered them to continue their efforts to effect a sale on the terms authorized by the original contract, they would be entitled to the full commission on the sale which they thereafter negotiated. This instruction was incorrect, and the court properly refused to give it. If a new agreement was made, to the effect that appellee should have the right to sell the land himself and pay appellants a commission of $500, this operated as a modification of the original contract, and it thereafter remained no longer a contract giving appellants the "exclusive" right to sell the property, and a sale made thereafter by appellee

pursuant to the agreement would operate as a revocation of appellant's authority. The effect of the instruction was to tell the jury that, unless appellee notified appellants of the sale thus made by himself, they could continue in their efforts to find a purchaser, and would be entitled to a commission if they found one "ready, willing and able" to purchase the property. As the sale made by appellee under the terms of the modified agreement operated as a revocation of appellant's authority to sell, they were not entitled to notice, and could not claim a commission on the sale thereafter made by themselves. *Hill* v. *Jebb*, 55 Ark. 574.

The next ground urged for reversal is that the court erred in giving instruction No. 1, on request of appellee, which reads as follows:

"If you believe from the evidence that defendant had forgotten the date of the expiration of the contract with plaintiffs, and called upon the plaintiffs to inform him of the date, and that plaintiff Johnston informed him that the contract expired June 1, 1911, and that Fuqua relied upon said information, and, believing that to be true, sold the lands which had been listed with plaintiffs after said date, then you will find for the defendant."

It is contended that this instruction was incorrect and prejudicial to appellants, for the reason that it ignored their contention that appellee, during the month of June, encouraged them to continue in their efforts to make a sale. This instruction is based entirely upon appellee's contention that appellants misrepresented to him the date of the expiration of the contract, and thereby induced him to enter into another contract for the sale of the property. The jury, however, found against appellee on that issue, otherwise they could not have found in favor of appellants for the $500. Therefore, the instruction was not prejudicial, even if it is open to the objection urged by appellants that it ignored one of their contentions in the case.

As to the other refused instruction, requested by appellants, we think that they were not prejudicial, as the other instructions in the case fairly submitted the issues.

We are of the opinion, upon the whole, that the case was

properly submitted to the jury, and that the verdict should not be disturbed.

Judgment affirmed.