KENNEDY & KENNEDY v. VANCE.

No. 33256.   Jan. 4, 1949.

*202 P. 2d 214.*

E. L. Richardson and W. W. Godlove, both of Lawton, for plaintiffs in error.

Thomas & Thomas, of Lawton, for defendant in error.

HURST, C. J.  The plaintiffs, Kennedy & Kennedy, are real estate brokers, with their offices in Lawton, Okla. The defendant, Louise G. Vance, who resides in Kansas, owned a farm near Lawton. Prior to October 22, 1943, the plaintiffs and defendant carried on some correspondence with reference to a sale by plaintiffs of said farm. On said date, defendant wrote plaintiffs as follows:

"I received your letter of Oct. 15, several days ago and regret this answer is late.

"I do not know that the person you had as prospective buyer for my farm is still interested or not but my price is still $10,000.00 net to me and subject to the lease.

"This offer is open only until the first of the month after that time if it is still unsold I intend to take it off the market. I might add that you are mistaken in thinking, as you state in your letter, that there is not another person in or around Lawton interested in this land at my price."

On October 27, 1943, the defendant sold the farm without assistance of the plaintiffs. On October 31, 1943, the plaintiffs wired the defendant that they had sold the farm for $10,250. The defendant immediately replied that she had already sold the farm.

On the refusal of defendant to pay plaintiffs a commission, this action was commenced to recover a commission of $250. From a judgment for defendant, plaintiffs appeal.

Assuming that the defendant's letter, above quoted, constituted the plaintiffs her agents to effect a sale of her land, it did not confer upon them the exclu-

sive right to make the sale. Cantrell v. McLemore, 119 Okla. 176, 249 P. 417; Head-Berry Co. v. Bannister, 52 Okla. 763, 153 P. 669; 9 C. J. 623. Nor did it confer upon them a power coupled with an interest so as to render it irrevocable. Bowman v. Ledbetter, 173 Okla. 345, 48 P. 2d 334; 8 Am. Jur. 1009. Under such circumstances, the owner has the right, in good faith, to sell the property independently of the broker without liability to the broker for a commission, where the broker has not done the work required to earn his commission, and the owner's sale does not interfere with his efforts. Kennedy v. Hart, 187 Okla. 169, 101 P. 2d 808; 2 Am. Jur. 50; 8 Am. Jur. 1100, §189; 12 C. J. S. 166, §75; 10 A. L. R. 814.

The plaintiffs rely upon Cloe v. Rogers, 31 Okla. 255, 121 P. 201, and Woodall v. Foster et al., 91 Tenn. 195, 18 S. W. 241. The Cloe case involved an exclusive agency for a term of two years, and the contract contemplated the expenditure of labor and money on the part of the agent, who entered upon the discharge of his duties under the contract. Here, there was no exclusive agency, and it was to exist only for about a week and it does not appear that it was understood that the plaintiffs would expend money and labor in carrying out the contract, since it appears that they had a client who wanted to buy the farm. Furthermore, the quoted letter served notice on the plaintiffs that the defendant had other prospects to whom she might sell. In the Woodall case there was no exclusive agency for any definite time, but the decision is based on the failure of the owner to notify the agent of the sale. We think this case is contrary to the weight of authority, and that the following cases and authorities rest on the better reason: Helling v. Darby, 71 Kan. 107, 79 P. 1073; White & Hoskins v. Benton, 121 Iowa, 354, 96 N. W. 876; Johnston-Reynolds Land Co. v. Fuqua, 105 Ark. 358, 151 S. W. 693; Hallstead v. Perrigo, 87 Neb. 128, 126 N. W. 1078; Wallace & Eves v. Figone, 107 Mo. App. 362, 81 S. W. 492; Walker, Real Estate Agency (2d Ed.) p. 18; 12 C. J. S. 166; 2 Am. Jur. 50, §57.

Since the plaintiffs were not given an exclusive right to sell, they assumed the risk of knowing that the land might be sold by the owner or another agent before they could find a purchaser, ready, able and willing to buy on the terms specified, and that such a sale would ipso facto revoke their agency. Mechem on Agency (2d Ed.) §625. We decline to follow the Woodall case.

Affirmed.

DAVISON, V. C. J. and BAYLESS, CORN, GIBSON, ARNOLD, and LUTTRELL, JJ., concur.