Dear Senator Snyder,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Does 59 O.S. 2001, § 858-353(4)(a) of the Oklahoma Real Estate License Code require a transaction broker retained by the seller to receive offers for presentation to the seller if the seller and transaction broker have agreed that all offers shall be presented directly to the seller?
 2. Does 59 O.S. 2001, § 858-353(4)(b) require atransaction broker retained by the seller to keep the sellerfully informed regarding the transaction if the seller andtransaction broker agree the seller does not want to be furtherinformed by the transaction broker regarding the transaction?
¶ 1 You indicated that your question was directed to limited service agreements in which transaction brokers, for example, list a seller's property with a Multiple Listing Service ("MLS"), but provide no other services with respect to the sale of the seller's property.
¶ 2 Title 59 O.S. 2001, § 858-353[59-858-353] of the Oklahoma Real Estate Code provides that a transaction broker[1] shall have the following duties:
 1. To perform the terms of the written brokerage agreement, if applicable;
2. To treat all parties with honesty;
 3. To comply with all requirements of the Oklahoma Real Estate License Code and all applicable statutes and rules; and
4. To exercise reasonable skill and care including:
 a. timely presentation of all written offers and counteroffers,
 b. keeping the party for whom the transaction broker is providing services fully informed regarding the transaction,
 c. timely accounting for all money and property received by the broker,
 d. keeping confidential information received from a party confidential as required by Section 7 of this act, and
 e. disclosing information pertaining to the property as required by the Residential Property Condition Disclosure Act.
Id. (footnotes omitted).
¶ 3 The duties in Section 858-353 are mandatory. See, e.g.,Grimes v. City of Oklahoma City, 49 P.3d 719, 724 (Okla. 2002) ("`Shall' signifies a mandatory directive or command."). A transaction broker may not contract with a seller in a manner contrary to these mandatory provisions. See A.G. Opin. 02-08 at 44. However, in construing the scope of duties mandated by Section 858-353 we may not impose additional requirements not mandated by the Legislature. See Cox v. State ex rel. Okla.Dep't of Human Serv., 87 P.3d 607, 617 (Okla. 2004) ("This Court does not read exceptions into a statute nor may we impose requirements not mandated by the Legislature.") (footnote omitted).
 I. Section 858-353(4)(a) Of Title 59
¶ 4 Section 858-353(4)(a) requires a transaction broker to timely present "all written offers and counteroffers." Id. The Oklahoma Administrative Code, OAC 605:10-17-4(10)-(11), requires a broker to reduce all offers to writing when requested by the purchaser, and submit all written offers to an owner when such offers are received prior to the seller accepting an offer in writing.
¶ 5 "[T]he primary goal of statutory interpretation is to ascertain and follow the Legislature's intention. `[T]he plain meaning of a statute's language is conclusive except in the rare case when literal construction produces a result demonstrably at odds with legislative intent.'" Duncan v. Okla. Dep't of Corr.,95 P.3d 1076, 1079 (Okla. 2004) (quoting Samman v. MultipleInjury Trust Fund, 33 P.3d 302, 307 (Okla. 2001)) (citations omitted).
¶ 6 These statutes and rules require a transaction broker to communicate offers to the seller with whom he or she has contracted if he or she receives such offers. However, neither Section 858-353(4)(a), nor the rules implementing the provision, state that a transaction broker must receive offers that might otherwise be communicated directly to the seller. "It is not the function of the courts to add new provisions which the legislature chose to withhold." Pentagon Acad., Inc. v. Indep.Sch. Dist. No. 1, 82 P.3d 587, 591 (Okla. 2003).
¶ 7 In Toxic Waste Impact Group, Inc. v. Leavitt,755 P.2d 626, 630 (Okla. 1988) the Oklahoma Supreme Court observed:
 Had the legislature intended to include the sub-surface storage area, they could have done so in clear language. It is the duty of a court to give effect to legislative acts, not to amend, repeal or circumvent them, and a court is not justified in ignoring the plain words of a statute. Neither the Supreme Court nor a district court may expand the plain wording of a statute by construction where the legislature has expressed its intention in the statute as enacted.
Id. (footnotes omitted). See also Nealis v. Baird,996 P.2d 438, 460 (Okla. 1999) ("It is presumed that the law-making body has expressed its intent in a statute and that it intended what it so expressed."). We may not construe Section 858-353(4)(a) to expand the plain wording of the statute as expressed by the Legislature.
¶ 8 Additionally, statutes are to be given a sensible construction, bearing in mind the evil to be avoided. In A.G. Opin. 02-08, we determined that requiring all offers to be presented to the seller, notwithstanding an agreement to present only above-listing price offers, reduces the possibility that the broker could exert influence on a seller not to consider certain offers. Id. at 44. Construing Section 858-353(4)(a) in accordance with its plain language eliminates that possibility by permitting the seller, if he or she wishes and so contracts, to receive offers directly from prospective buyers, eliminating the risk of the broker exerting any influence on the seller with respect to which offers to consider. The buyer and the seller are thus protected from any misfeasance or malfeasance by the broker in communicating offers because the broker is not filtering or impeding the flow of communication.
¶ 9 Further, it is established law in Oklahoma and elsewhere, that in the absence of an exclusive listing agreement, a seller "has the right, in good faith, to sell the propertyindependently of the broker without liability to the broker for commission." Kennedy Kennedy v. Vance, 202 P.2d 214, 215
(Okla. 1949) (emphasis added); see Harris v. Conway,343 P.2d 1069, 1073 (Okla. 1959); Roberts v. Gardner, Clarke Sullivan, 275 P.2d 245, 247 (Okla. 1954); 12 Am. Jur. 2dBrokers § 280 ("A general listing, which is revocable at the owner's will in good faith at any time before performance and regardless of the broker's efforts, leaves the owner free to list its property with other brokers, sell the property itself, or withdraw the property from the market."); 12 C.J.S. Brokers § 170. In the absence of an exclusive listing agreement, the law contemplates the seller undertaking his or her own efforts to sell the property, and accordingly, to directly receive offers. The Legislature is presumed to have been aware of the existing common law when enacting 59 O.S. 2001, § 858-353[59-858-353](4)(a), yet expressed no intent to limit a seller's right to directly receive offers independently of the broker. See Webb v. City of Hugo,37 P.2d 621, 623 (Okla. 1934) ("All statutes are presumed to be enacted by the Legislature with full knowledge of the existing condition of the law and with reference to it and are to be construed in connection and in harmony with existing law"). Construing Section 858-353(4)(a) to require a transaction broker to receive offers despite any agreement to the contrary would infringe upon a seller's established right to receive offers independently of the broker, or list his or her property with another broker from whom he or she would prefer to receive offers.
¶ 10 If a transaction broker receives a written offer, he or she must present it to the seller. 59 O.S. 2001, §858-353[59-858-353](4)(a). If the transaction broker receives a request from a purchaser to reduce an offer to writing he or she must do so and present it to the seller. OAC 605:10-17-4(10)-(11). However, if the transaction broker and the seller have agreed that the seller will directly receive offers, the transaction broker is not required to receive offers. If the transaction broker, as a consequence, does not receive any offers, he or she incurs no duty to then submit or present offers to the seller. Rule OAC605:10-17-4(11) implicitly recognizes this by requiring a broker to submit bona fide offers only "when such offers are received."
 II. Section 858-353(4)(b) Of Title 59
¶ 11 Title 59 O.S. 2001, § 858-353[59-858-353](4)(b) requires a transaction broker to keep the party for whom he or she is providing services fully informed regarding the transaction. As noted above, this mandatory provision cannot be avoided through contractual language. However, Section 858-351 of the Oklahoma Real Estate License Code defines "transaction" as "those real estate activities enumerated in Section 858-102 of Title 59 of the Oklahoma Statutes which are performed by a broker[.]" Section 858-102(2) defines a "real estate broker" as any person, etc. who performs any one of a list of acts, including "list[ing] . . . any real estate." These acts are listed in the disjunctive, indicating that any one of them alternatively may constitute a transaction. See, e.g., Corp. Comm'n v. Union Oil Co.,591 P.2d 711, 715 (Okla. 1979) (holding that "[t]he use of the word `or' to connect . . . phrases" indicates the disjunctive, with each alternative "sufficient in itself"). Section 858-355 also recognizes a brokerage agreement may cover only one of the different types of transactions by requiring the brokerage agreement to include "a description of the transaction or typeof transactions that might occur." 59 O.S. 2001, §858-355[59-858-355](B)(3)(a) (emphasis added). Thus, if the seller and the transaction broker agree that listing a property on the MLS is the transaction with which the seller would like assistance, a transaction broker would satisfy his or her duty to keep the seller informed regarding the transaction by keeping him or her fully informed regarding the listing of the property with the MLS.
¶ 12 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. If the transaction broker and the seller with whom he or she has contracted have agreed that the seller will directly receive offers, 59 O.S. 2001, § 858-353(4)(a) of the Oklahoma Real Estate Code does not require the transaction broker to receive offers.
 2. Section 858-353(4)(b) requires a transaction broker to keep the party for whom he or she is providing services fully informed regarding the transaction. This mandatory provision cannot be avoided through contractual language. However, if the seller and the transaction broker agree that listing a property on the Multiple Listing Service is the transaction with which the seller would like assistance, a transaction broker would satisfy his or her duty to keep the seller informed regarding the transaction by keeping him or her fully informed regarding the listing of the property with the Multiple Listing Service.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 JOANN T. STEVENSON Assistant Attorney General
[1] "Transaction broker" is defined by the Oklahoma Real Estate License Code as "a broker who provides services by assisting a party in a transaction without being an advocate for the benefit of that party." 59 O.S. 2001, § 858-351[59-858-351](5). "Single-party broker" is defined as "a broker who has entered into a written brokerage agreement with a party in a transaction to provide services for the benefit of that party[.]" Id. § 858-351(3).