**BOWMAN v. LEDBETTER, Adm'x, et al.**

No. 24622.   May 28, 1935.

Rehearing Denied July 16, 1935.

Application for Leave to File Second Petition for Rehearing Denied Sept. 10, 1935.

J. B. Moore, for plaintiff in error.

Earl A. Brown and Robert W. Richards, for defendants in error.

BAYLESS, J.   R. L. Bowman, defendant below but plaintiff in error herein, appeals to this court from a judgment of the district court of Carter county, Okla., in favor of Madgelee Ledbetter, as administratrix of the estate of Wesley Lester, deceased, and George Lester, by his guardian and next friend, Madgelee Ledbetter, plaintiffs below but defendants in error herein. The parties will be referred to as they appeared in the trial court.

Plaintiffs brought the action for the pur-

pose of canceling a certain power of attorney which reads as follows:

"Know all men by these presents that I, Wesley Lester, of the State of Arizona, County of Maricopa, have made constituted and appointed and by these presents do make constitute and appoint, R. L. Bowman, of Ardmore, Oklahoma, my true and lawful attorney for me and in my place and stead. That whereas, my mother Ella Williams, Chickasaw Indian, died in Carter County, Oklahoma, leaving her homestead allotment described as follows: The S. ½ of the S. E. ¼ of section 27, and W. ½ of N. E. ¼ and S. E. ¼ of N. E. ¼ of section 34, township 2 south, range 3 west, and whereas, I am one of the heirs to her estate, and whereas, the homestead allotment aforesaid has been developed for oil and gas and there is now on deposit in the office of the Superintendent to the Five Tribes of Indians, royalty oil money derived from the sale of oil from the said land and which said monies are being held in tact as is provided for by the act of Congress of May 27, 1908, paragraph 9 thereof, and whereas, the undersigned will be entitled to participation in distribution of said funds on April 26, 1931, and whereas, there is pending in the U. S. Court for the Eastern District of Oklahoma, a suit involving the monies aforesaid, as well as the right of the heirs in and to said lands and the oil and gas rights therein, and whereas, the title to said land is clouded by definite conveyances and it becomes necessary to have some person in Oklahoma to represent me in said matters aforesaid, and having confidence in the integrity and ability of R. L. Bowman of Ardmore, Oklahoma, to look after said matters for me as though I were acting for myself, now therefore, I do further constitute and appoint the said R. L. Bowman my true and lawful attorney in fact, to do for me and in my name the same as though I were acting for myself, and the said R. L. Bowman is hereby authorized and empowered to employ any council to represent me in said matters aforesaid, if in his judgment it becomes necessary and to my benefit, and for the services rendered and to be rendered by the said R. L. Bowman, I hereby assign, grant, sell and convey you the said R. L. Bowman 25% of whatever is recovered for me and this power of attorney is recognized by the said Wesley Lester as being irrevocable. In this way the said R. L. Bowman is assigned an interest in the estate shown herein by myself and any and all rights herein conferred upon the said R. L. Bowman, I do hereby ratify and confirm as fully as though I were acting for myself. It is understood and agreed between the parties hereto that this power of attorney shall terminate after the pending litigation is settled finally and settlement made. (Signatures, acknowledgment, and indorsements omitted.) * * *"

Plaintiffs assigned several grounds as support for their requested relief, but since the court found in their favor on one of these grounds only, and the other grounds are not involved in the appeal, we will consider the one ground only. Plaintiffs alleged, and defendant denied, that the death of Wesley Lester revoked the appointment. The defendant contended, and now contends, that the appointment was a power coupled with an interest and therefore irrevocable. Plaintiffs controvert this.

The rule of law by which this instrument and the rights of the parties thereunder are to be judged is well stated in 64 A. L. R. 380, as follows:

"Ordinarily a principal may revoke the power of his agent or attorney at any time, but a well-defined exception has been ingrafted on this general rule to the effect that where an authority or power is coupled with an interest, * * * it is from its very nature and character, in contemplation of the law, irrevocable, whether it is expressed to be so on the face of the instrument conferring the power, or not. See 21 R. C. L. 886, 887.

"The purpose of this annotation is to consider the cases determining when a power is coupled with an interest so as to be brought within the exception to the rule. * * *

"In order that a power may be irrevocable because coupled with an interest, it is necessary that the interest shall be in the subject-matter of the power, and not in the proceeds which will arise from the exercise of the power."

This statement of the rule and the exceptions thereto, and the purposes of the annotation, are followed by an exhaustive digest of the cases upon this question. 64 A. L. R. 380-391.

Among the cases therein cited is one decided by this court; Filtsch v. Bishop, 118 Okla. 272, 247 P. 1110. The power of attorney in that case was written and conferred upon Filtsch, in the most detailed manner, the fullest and most complete powers over the property of Bishop. It did not vest in him any interest in the nature of ownership. The consideration or compensation for the exercise of the powers was alleged to have been agreed upon orally in the following terms:

"* * * To pay to plaintiff for his personal service a sum of money equal to 15% of the value of all of the real estate * * * described and all the personal property of whatsoever nature or kind then owned by * * * Joe Bishop, and also to pay such further sum as might be necessary for plaintiff

to expend in the employment of counsel to assist him in the preparation, filing, and prosecution of such suit or suits * * *; and for such services of such attorney or attorneys so employed by plaintiff * * * plaintiff was authorized to contract for and pay out of the estate of said defendant an additional sum not to exceed 35% thereof."

We said, in construing this agreement to be a mere naked power, the following:

"Plaintiff argues that said petition states a cause of action in this: That under the power of attorney, or under the power of attorney and the oral agreement between the parties for plaintiff's services, plaintiff is entitled to be decreed an interest in the real estate. This cannot be. A contract of agency is revocable at the will of the principal, unless the contract constitutes 'a power coupled with an interest.' McKellop et al. v. DeWitz et al., 42 Okla. 220, 140 P. 1161. That case also holds that the phrase, 'a power coupled with an interest,' means a writing creating in, conveying to, or vesting in the agent an interest or estate in the thing or property which is the subject of the agency as distinguished from the proceeds or the exercise of the agency, and that the estate or interest vested or granted in the agent must be such as the agent could convey in his own name in the event of the death of the principal."

In our opinion the power of attorney in this case does not meet with the requirements specified to establish an interest in the thing or estate claimed by Lester. Lester's claim to the property described in the instrument is of lesser degree than that of absolute ownership. He was only the heir of his mother; it appeared that the estate was under the jurisdiction of a court in litigation which might result in a judgment that Ella Williams did not own the property at the time of her death and therefore no title to the property ever vested in Lester. That his interest in the property, both real and personal, was contingent, and subject to be defeated is evidenced by the very wording of the agreement.

The language of the appointment, in so far as it pertains to the compensation for the services to be rendered, is as follows: "* * * I, hereby assign, grant, sell and convey to you, the said R. L. Bowman, 25% of whatever is recovered for me. * * *" This is not an agreement to compensate defendant for his services in any event, but clearly indicates that his compensation shall become due only when he has exercised his services under this power in such a manner as to procure a return for Lester and the compensation is measured by the extent or amount of this return. In our judgment the parties recognized by the use of this language that Lester had nothing which he might at that time absolutely convey to and vest in the defendant; and that defendant should only have compensation when Lester became the absolute owner of some part of this estate.

This arrangement for payment for the services of defendant, under the power, clearly falls within the definition of a "power not coupled with an interest" of Chief Justice Marshall, who said in Hunt v. Rousmanier, 8 Wheat. 174, 5 L. Ed. 589:

"We hold it to be clear that the interest which can protect a power, after the death of the person who creates it, must be an interest in the thing itself. In other words, the power must be ingrafted on an estate in the thing. The words themselves would seem to import this meaning. 'A power coupled with an interest' is a power which accompanies, or is connected with, an interest. The power and the interest are united in the same person. But if we are to understand, by the word 'interest', an interest in that which is to be produced by the exercise of the power, then they are never united. The power, to produce the interest, must be exercised, and by its exercise is extinguished. The power ceases when the interest commences and therefore cannot, in accurate law language, be said to be 'coupled' with it."

The instrument creating the power under consideration by us, after providing that compensation should be paid only in the event of success, and in an amount measured by the extent of the success, then provides that the power shall terminate after the pending litigation is finally settled and settlement made.

In other words: If the exercise of the power by defendant produces nothing for Lester, defendant gets nothing (which is entirely inconsistent with a present interest); if the exercise of the power by the defendant produces something for Lester, defendant shall have 25 per cent. of it (which clearly indicates that it is the proceeds of the exercise of the power from which compensation is to come); and, immediately upon settlement of the litigation and settlement among the parties, the power ceases. Everything is directed towards and looks to a successful exercise of this power. This quoted phrase regarding compensation is followed later in the contract by this provision: "In this way the said R. L. Bowman is assigned an interest in the estate shown herein by myself and any and all

rights herein conferred upon the said R. L. Bowman, I do hereby ratify and confirm as fully as though I were acting for myself." This provision is not entirely intelligible. We must give the entire contract a construction consonant with all of its terms and we are of the opinion that this language was not intended as a grant or transfer of anything to Bowman, but was in explanation of what had theretofore been said concerning compensation.

It will be seen from reading the instrument that the parties stated therein that the appointment was irrevocable. We regard this merely as an expression as a period of duration of the appointment in the same manner as if they had used a specified term of years. This phrase by and of itself cannot and does not establish an interest in the thing upon which the power is to act. Being the expression of the period of duration, it is as much subject to revocation as the actual appointment itself.

We are therefore of the opinion that the authority conferred upon Bowman by Lester was a naked agency and power of attorney, and that it was not coupled with an interest so as to render it irrevocable; and that the trial court correctly concluded that it was revoked by the death of the principal, Wesley Lester.

Judgment affirmed.

McNEILL, C. J., and WELCH, CORN, and GIBSON, JJ., concur.