James A. GLASGOW, M.D., Appellant,

v.

Charles F. FOX, and Stan Twardy, Appellees.

No. 62849.

Supreme Court of Oklahoma.

July 5, 1988.

Phillip H. Willits, Edmond, for appellant, Glasgow.

Carolyn S. Thompson of Berty & Berry, P.C., Oklahoma City, for appellee Fox.

John Joseph Snider, Eric S. Eissenstat, Fellers, Snider, Blankenship, Bailey & Tippens, Oklahoma City, for appellee Twardy.

SIMMS, Justice:

The substantive issue in this case is whether appellant's petition stated facts which, if taken as true, stated the elements of a cause of action for malicious prosecution. A procedural issue, raised by the Court of Appeals, sua sponte, involves a question of the timeliness of the appeal based on when a final appealable order occurred.

Because the Court of Appeals incorrectly treated the procedural question, and because this case presents a case of first impression in Oklahoma, we Grant Certiorari, Vacate the Court of Appeals Opinion, and Affirm the trial court.

Appellant Glasgow was a resident surgeon employed by Oklahoma Memorial Hospital. He alleges he was maliciously sued for malpractice arising from surgery, by Appellee Fox (patient) and Fox's attorney, Twardy. Glasgow claimed he was not connected with the operation in any way, and was in fact stationed at the Veterans Administration Hospital at that time.

The malpractice action was voluntarily dismissed without prejudice fifteen months after it was filed. Glasgow then filed suit against Fox and Twardy for malicious prosecution, alleging it was actionable for appellees to persist in the malpractice action for that length of time and that the suit had been extremely damaging to his new practice as a doctor.

On July 13, 1984, the trial court sustained both appellees' demurrers[1] to the petition, stating that voluntary dismissal without prejudice "cannot be the successful termination of the suit in plaintiff's favor, which is an indispensible element of a malicious prosecution action." The order further recited that Glasgow had an additional

---

1. These proceedings occurred prior to the effective date of Oklahoma's new Pleading Code, which was November 1, 1984.

ten days in which to further plead or answer. Glasgow filed his petition in error on August 10, 1984. It appeared from the face of the trial court's order no appealable event had occurred. *Merchants Delivery Service v. Joe Esco Tire Co.*, Okl., 497 P.2d 766 (1972).

August 14, 1984, this Court directed appellant to show cause by September 10, why his appeal should not be dismissed for want of an appealable order. In his response to the show cause order, appellant stated that nunc pro tunc proceedings had been completed at the trial level to correct the July 13 order to "correct an omission in said order finding that judgment is entered for defendants * * *." The September 7 nunc pro tunc order of the trial judge recited notice, the presence of counsel for both parties, an adversary hearing, the correction of the July 13 order by supplying the omission, that judgment was entered for defendant July 13, and plaintiff elected to stand on his second amended petition.

Thereafter, on October 5, 1984, this Court entered an order that our sua sponte inquiry into jurisdiction was deemed satisfied by the filing of the nunc pro tunc order, thus finding a final appealable order had been entered and an appeal timely perfected.

Notwithstanding the order of October 5, the Court of Appeals, sua sponte, dismissed the appeal for want of an appealable order, thus disregarding the legal effect of the September trial court order *nunc pro tunc.*

## I.

### NUNC PRO TUNC ORDER

In *Application of Oklahoma Natural Gas Co.*, Okl., 715 P.2d 477 (1985), this Court stated that "the function of an order *nunc pro tunc* is to correct a judgment so that it speaks the truth of what actually transpired was considered and decided upon the premises." The office of *nunc pro tunc* is not to supply omitted action by the court, but to supply an omission on the record of an action really taken but omitted through inadvertence or mistake. *Mabry v. Baird*, 203 Okl. 212, 219

P.2d 234 (1950). A judgment entered nunc pro tunc is retrospective, and has the same force and effect as if entered at the time judgment was rendered. *In re Cannon's Guardianship*, 182 Okl. 171, 77 P.2d 64 (1935).

In the instant case, no appeal was taken from the trial court's solemn pronouncement, the order *nunc pro tunc*, that the order was entered for the purpose of correcting an "omission" in its prior order and that the judgment was to be corrected accordingly. The right to appeal from an order nunc pro tunc was recognized in *Stevens Expert Cleaners & Dyers Inc. v. Stevens*, Okl., 267 P.2d 998 (1954). The order *nunc pro tunc* therefore stands unchallenged by appeal or in the briefs in chief. Although facially appearing to have rendered a judgment different from that originally entered in the correction order, the trial judge's finding in the order *nunc pro tunc* is presumptively correct and there is no record before us from which any appellate court may find to the contrary.

We therefore find that pursuant to the order *nunc pro tunc*, an appealable event did occur on July 13, and this appeal is properly before us.

## II.

### DISMISSAL WITHOUT PREJUDICE AS SUCCESSFUL TERMINATION IN FAVOR OF MALICIOUS–PROSECUTION PLAINTIFF

It is well established in Oklahoma that one of the elements a malicious-prosecution plaintiff must affirmatively prove is a successful termination in his favor of the original action. See, *Young v. First State Bank of Watonga*, Okl., 628 P.2d 707, 709, (1981). Malicious prosecution actions are not favored by the court, and they should not be encouraged by lax rules favoring them. *Williams v. Frey*, 182 Okl. 556, 78 P.2d 1052 (1938).

*Young*, supra, clearly established that a voluntary dismissal with prejudice is such a favorable termination. The issue of whether dismissal without prejudice is also a favorable termination is one of first im-

pression in Oklahoma. Because of this, appellant turned to other jurisdictions to find support for his premise. However, the cases he relied on are not controlling, for Oklahoma has a statute which determines the question. Title 12, O.S.1981, § 683, states as follows:

"§ 683. Dismissal of action–Grounds and time

An action may be dismissed, without prejudice to a future action:

First, By the plaintiff, before the final submission of the case to the jury, or to the court, where the trial is by the court.

Second, By the court, where the plaintiff fails to appear on the trial.

Third, By the Court, for the want of necessary parties.

Fourth, By the court, on the application of some of the defendants, where there are others whom the plaintiff fails to prosecute with diligence.

Fifth, By the court, for disobedience by the plaintiff of an order concerning the proceedings in the action.

Sixth, *In all other cases, upon the trial of the action, the decision must be upon the merits.*" (emphasis added)

A careful reading of the sixth provision shows that any dismissal falling within one of the first five categories is not determinative of the substantive issues of the case. Rather, it is a dismissal on procedural grounds or dismissal without merit determination. Furthermore, this section provides a litigant the opportunity to dismiss an action without being foreclosed from bringing the action at another time. Because the action may be reinstituted, by the plaintiff, to allow the voluntary dismissal to form the basis for a malicious prosecution action could allow a person to recover for the bringing of an action which may eventually be found to be well-brought. At the same time, it would tend to encourage the filing of malicious prosecution actions by relaxing the requirements and thus expanding the scope of the action. See, *Savage v. Seed*, 81 Ill.App.3d 744, 36 Ill.Dec. 846, 401 N.E.2d 984 (1980). Such a result would be inconsistent with Oklahoma's policy which does not look favorably on malicious prosecution actions.

Therefore, we hold that dismissal without prejudice of the underlying malpractice action was not a termination of the suit in appellant's favor which will support an action for malicious prosecution. It did not reach the substantive rights of the cause of action and thereby vindicate appellant as to the underlying action. *Florida Rock Industries Inc. v. Smith, et al.*, 163 Ga.App. 361, 294 S.E.2d 553 (1982).

### CONCLUSION

We conclude that the nunc pro tunc order was properly issued by the trial court, making its dismissal of appellant's petition and judgment for defendants a final appealable judgment. However, a voluntary dismissal without prejudice is not a successful termination in favor of a malicious-prosecution plaintiff. Therefore, appellant's petition did not state facts sufficient to support a cause of action for malicious prosecution.

AFFIRMED.

DOOLIN, C.J., HARGRAVE, V.C.J., and LAVENDER, and ALMA WILSON, JJ., concur.

HODGES, KAUGER and SUMMERS, JJ., concur in Part I, dissent to Part II.

OPALA, J., disqualified.