930 F.2d 34
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Gene MEYERS, Aldo T. Eberle, Donald Northcutt, Plaintiffs-Appellants,
v.
Walter J. KRUGER, III, Fisher & Phillips, Defendants-Appellees.
 No. 90-7070.
 United States Court of Appeals, Tenth Circuit.
 March 7, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court dismissing plaintiffs' amended complaint asserting claims for malicious prosecution and abuse of process. Plaintiffs allege the district court erred in finding the voluntary dismissal of a prior action was not a resolution in favor of plaintiffs and thus concluding they could not state a claim for malicious prosecution. Plaintiffs also contend the court erred in finding that the complaint stated no claim for abuse of process. We affirm.
 
 
 3
 This lawsuit charges attorney Walter J. Kruger and the law firm of Fisher & Phillips ("defendants") with malicious prosecution and abuse of process. These allegations stem from a 1988 lawsuit between Ideal Basic Industries, Inc. and four of its employees and their union. Defendants are the attorney and law firm who represented Ideal in that litigation. Three of the employees who were defendants in the 1988 lawsuit are plaintiffs in this action.
 
 
 4
 The 1988 lawsuit was voluntarily dismissed by consent order entered June 2, 1989. This order reflected Ideal's agreement that it would not challenge the dismissal of the 1988 lawsuit as a resolution "in favor of" the employees. Following this dismissal, plaintiffs pursued a malicious prosecution action against Ideal which resulted in a jury verdict in favor of plaintiffs. This verdict, however, was set aside by the trial court.
 
 
 5
 Plaintiffs then filed this action against defendants based on their participation in the 1988 lawsuit. Defendants filed a motion to dismiss on both counts, which the court granted. We review the district court's dismissal of this action de novo. See Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir.1986). We will uphold the dismissal only if plaintiffs can prove no set of facts in support of their claim entitling them to relief. See Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.1988).
 
 
 6
 Malicious prosecution actions are not favored and courts interpret the elements of this cause of action narrowly. See Glasgow v. Fox, 757 P.2d 836, 838-39 (Okla.1988). The district court correctly determined the "favorable determination" element was not satisfied in this case. Young v. First State Bank, 628 P.2d 707, 709 (Okla.1981). Ideal's promise not to challenge the dismissal of the 1988 lawsuit as a resolution "in favor of" plaintiffs does not bind these defendants with respect to this malicious prosecution claim. See Firefighters Local No. 93 v. City of Cleveland, 478 U.S. 501, 529 (1986).
 
 
 7
 The district court also correctly concluded the complaint in this action fails to state a claim for abuse of process. Plaintiffs failed to plead and prove an essential element of this cause of action: a willful misuse of process. See Tulsa Radiology Associates, Inc. v. Hickman, 683 P.2d 537, 539 (Okla.Ct.App.1984). We agree with the district court's conclusion that plaintiffs' contention that the 1988 lawsuit was intended to cause the abandonment of lawful and valid workers' compensation claims was legally insufficient. The filing of a lawsuit for an improper purpose or motive alone is not an abuse of process. See Gore v. Taylor, 792 P.2d 432, 435 (Okla.Ct.App.1990). The order of the district court dismissing this action is AFFIRMED for substantially the reasons given by that court. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3