[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO DISSOLVE ATTACHMENT
Essential to the validity of the plaintiff's prejudgment remedy is that on the basis of the present record the plaintiff demonstrate that there is probable cause that a judgment will enter in his favor. Since this is a claim for vexatious litigation, the court must find probable cause that the underlying claimed vexatious litigation has terminated in the plaintiff's favor. Zeller v. Consolini, 235 Conn. 417, 424
(1995).
The defendant has brought to the court's attention the fact that the judgment in the prior action is on appeal to the Appellate Court. Under P.B. § 61-11 an appeal creates an automatic stay of the enforceability of the judgment appealed from, until a final determination of the cause, unless the stay has been terminated by the trial court. No termination of stay has been granted in this case and therefore the prior suit has not terminated in the plaintiff's favor.[1] Such a conclusion is in accord with the commentary to the Restatement of Torts (Second) § 674 (1976) and the weight of authority. See, Greenberg v.Wolfberg, 890 P.2d 895, 903 n. 36 (Okla. 1994), cert. den.134 L.Ed.2d 948 (1996). CT Page 9372
The Motion to Dissolve the Attachment is granted and the order of this court granting the prejudgment remedy is hereby vacated.
MOTTOLESE, JUDGE