**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 22 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JEANE MARIE WELCH,

     Plaintiff-Appellant,

v.

CREDIT ADJUSTMENT COMPANY
INC., an Oklahoma Corporation;
LISA GIFFORD; MORGAN &
ASSOCIATES, P.C.,

     Defendants-Appellees.

No. 97-6322
(D.C. No. 96-CV-1509)
(W.D. Okla.)

---

ORDER AND JUDGMENT  *

---

Before **TACHA** and **McKAY** , Circuit Judges, and    **BROWN** ,** Senior District
Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*      Honorable Wesley E. Brown, Senior District Judge, United States District
Court for the District of Kansas, sitting by designation.

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff appeals the district court's grant of summary judgment in favor of defendants on her several claims of violation of the Fair Debt Collection Practices Act (FDCPA) and related state law claims.  We review the district court's grant of summary judgment de novo,   see Kaul v. Stephen , 83 F.3d 1208, 1212 (10th Cir. 1996), and we affirm.

Plaintiff raised numerous issues in her complaint before the district court, all of which the district court properly disposed.  On appeal to this court, plaintiff argues only two issues and abandons all the others brought before the district court.  See State Farm Fire & Cas. Co. v. Mhoon  , 31 F.3d 979, 984 n.7 (10th Cir. 1994) (holding issue not raised in opening brief on appeal is waived).

First, plaintiff argues that defendants violated the FDCPA because the Oklahoma state court default judgment in the collection action against her was void.  Citing Okla. Stat. tit. 12, § 139 (Supp. 1998), plaintiff maintains that venue was improper because Oklahoma law requires that the action involving an assigned claim be brought in the county of plaintiff's residence.  We will not address this argument on appeal because plaintiff did not first present it to the district court.   See Walker v. Mathers (In re Walker)   , 959 F.2d 894, 896 (10th Cir. 1992).

Plaintiff did present a venue argument to the district court, but her venue argument on appeal presents an entirely different legal theory. In her complaint and in her summary judgment pleadings before the district court, plaintiff argued that defendants were in violation of 15 U.S.C. § 1692i. That section of the FDCPA requires debt collectors to bring legal actions on a debt in the judicial district where the contract at issue was signed or where the defendant resides. Defendants brought the action in Oklahoma County, the location of the hospital at which plaintiff received the services that were the subject of the debt. In response to defendants' motion for summary judgment on this point, plaintiff argued that, because there was no signed contract, the proper venue under § 1692i was her county of residence. Although this claim was based on venue, it is not the same argument she presents on appeal regarding venue, which is based on Oklahoma law and has nothing to do with whether or where a contract was signed. As a result, the district court did not address the specific argument plaintiff presents in this appeal. "[T]o preserve the integrity of the appellate structure, we should not be considered 'a second-shot' forum . . . where secondary, back-up theories may be mounted for the first time." Tele-Communications, Inc. v. Commissioner, 104 F.3d 1229, 1233 (10th Cir. 1997). Thus, we do not consider this argument.

Second, plaintiff argues that defendants' attempt to pursue collection of the debt through the courts was an abuse of process because the state court judgment was void. To the extent that plaintiff ties her abuse of process claim to her new theory of a void state court judgment based on improper venue, this argument was presented for the first time on appeal and we do not consider the argument. See In re Walker, 959 F.2d at 896. To the extent she appeals the district court's grant of summary judgment on the abuse of process claim she argued before the district court, we affirm. Plaintiff has made no showing that defendants' use of the court process was improper and was for an improper or ulterior purpose. See Greenberg v. Wolfberg, 890 P.2d 895, 905 (Okla. 1994) (listing elements of abuse of process claim).

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. The motion for fees and costs is DENIED.

Entered for the Court


Wesley E. Brown
Senior District Judge

-4-