**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 28, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

STEVE CUMMISKY,

      Plaintiff-Appellant,

  v.

JOHN MINES, in his individual and
official capacities; PAUL
WHITMIRE, Captain of the Catoosa
Police Department, in his individual
and official capacities; RAYMOND
ROGERS, Chief of Police of the City
of Catoosa, in his individual
and official capacities; CURTIS
CONLEY, Mayor of the City of
Catoosa, in his individual and official
capacities; CITY OF CATOOSA,
political entity in the State of
Oklahoma,

      Defendants-Appellees,

  and

CATOOSA POLICE DEPARTMENT,

      Defendant.

No. 06-5028
(D.C. No. 04-CV-44-TCK-SAJ)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and

(continued...)

Before **O'BRIEN**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **BROWN**,[**] District Judge.

In this 42 U.S.C. § 1983 case, plaintiff Steve Cummisky alleges that defendant John Mines, a police officer, filed a false affidavit in support of an arrest warrant, subjecting Cummisky to a false arrest and malicious prosecution. He also alleges that Officer Mines stalked and harassed him in violation of his constitutional rights. We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM the district court's grant of summary judgment.

## I.

Cummisky and Mines have a history of animosity, including a physical altercation arising out of a traffic stop in September 2000. Cummisky filed an unreasonable-force lawsuit after that altercation, and while it was pending, in November 2001 Mines and Cummisky encountered each other at the restaurant area of a truck stop. Mines alleges that, on this occasion, Cummisky challenged Mines to a fight by saying "why don't you come outside with me and we will settle this like men." Aplt. App. at 102. Cummisky denies even speaking to

---

[*](...continued)
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]    The Honorable Wesley E. Brown, Senior District Judge, District of Kansas, sitting by designation.

Mines that evening, instead contending that he waved in Mines' direction. After the incident, Mines consulted an assistant district attorney, who advised him to file a report about the incident for her evaluation. After Mines filed his report, including an affidavit in support of a warrant, an unsworn report by his partner, and the statements of two dispatchers who arrived at the restaurant shortly after the alleged "settle this like men" comment, the assistant DA filed charges of assault on a police officer against Cummisky. She filed her own affidavit and Mines' affidavit in support of an arrest warrant. A magistrate signed the bottom of Mines' affidavit, indicating the arrest warrant was approved. Cummisky learned of the arrest warrant some time later, and he surrendered at the police station, was photographed and fingerprinted, and was allowed to leave after he posted bond. Ultimately the charges were dismissed, with court costs allocated to the state.

Cummisky sued under § 1983. The district court found that Mines had not violated any of Cummisky's clearly established constitutional rights and held that Mines was entitled to qualified immunity on the false arrest claim. It also held that Cummisky could not pursue a malicious prosecution claim because the charges had been dismissed. Finally, it held that Cummisky could not pursue a § 1983 "stalking" and "harassment" claim because Mines had not violated Cummisky's constitutional rights by driving past his house on multiple occasions and by videotaping Cummisky in public places, and that Mines' supervisors and

the city could not be liable under § 1983 where there had been no constitutional violation by Mines.  Cummisky appeals.

II.

"We review the district court's summary judgment rulings de novo, using the same standard as the district court, and may affirm the district court's order on any grounds adequately presented below."  *Novitsky v. City of Aurora*, 491 F.3d 1244, 1252 (10th Cir. 2007) (quotation omitted).

> Given the underlying purposes of qualified immunity, we require a plaintiff to satisfy a heavy two-part burden to overcome a defendant's summary judgment motion based on qualified immunity. First, the plaintiff must demonstrate the defendant's actions violated a constitutional right.  Second, the plaintiff must show that the right alleged to be violated was clearly established at the time of the conduct at issue.

*Id.* (quotation and citations omitted).

### A.  False Arrest

The basis for Cummisky's false arrest claim is that Mines allegedly filed an affidavit containing false statements that resulted in his arrest on unfounded charges.  The constitutional right at issue is the Fourth Amendment right to be free from unreasonable seizures.  *See Becker v. Kroll*, 494 F.3d 904, 919 (10th Cir. 2007).  The district court found, with regard to this claim, that Cummisky had not shown a violation of any of his clearly established constitutional rights.  It offered three bases to support its conclusion:

-4-

(1) there was no arrest or seizure of Plaintiff; (2) the circumstances surrounding Plaintiff's self-surrender are insufficient to give rise to any Fourth Amendment seizure; and (3) there was independent evidence, other than the Affidavit by Officer Mines complained of in this lawsuit, that supported a finding of probable cause.

Aplt. App. at 313. Although we do not necessarily agree with the district court's first and second reasons, its third reason is sufficient to establish that Cummisky suffered no violation of his Fourth Amendment right against an unreasonable seizure.[1]

---

[1] Because we affirm the grant of summary judgment based on the existence of other evidence supporting a finding of probable cause, we need not examine the district court's other reasons in detail. We note, however, that a plurality of the Supreme Court has indicated, in dicta, that a person's "surrender to the State's show of authority" by reporting to police after learning of an outstanding warrant "constitute[s] a seizure for purposes of the Fourth Amendment." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). In *Petersen v. Farnsworth*, 371 F.3d 1219, 1221-22 (10th Cir. 2004), this court concluded that a plaintiff was seized when he reported to the police station in response to a summons, was escorted into a secure area, was handcuffed to a bar, and was placed in a holding cell. *Petersen*'s circumstances were more harsh than the facts of this case, but several other courts have held that a self-surrender in circumstances more akin to Cummisky's constitutes a seizure under the Fourth Amendment. *See Whiting v. Traylor*, 85 F.3d 581, 584-85 (11th Cir. 1996); *Pomykacz v. Borough of West Wildwood*, 438 F. Supp. 2d 504, 512 (D. N.J. 2006); *Freeman v. Murray*, 163 F. Supp. 2d 478, 484 (M.D. Pa. 2001), *aff'd*, 37 F. App'x 49 (3d Cir. 2002); *Groom v. Fickes*, 966 F. Supp. 1466, 1474-75 (S.D. Tex.), *aff'd*, 129 F.3d 606 (5th Cir. 1997); *Niemann v. Whalen*, 911 F. Supp. 656, 663, 668 (S.D.N.Y. 1996). Thus, it appears that Cummisky was "seized" for purposes of a Fourth Amendment analysis. Further, as for whether the seizure was too insubstantial to constitute a constitutional violation, we note that the question of whether a "de minimis" unreasonable seizure of a person is actionable appears to be unsettled in this circuit. *See Fuerschbach v. Southwest Airlines Co.*, 439 F.3d 1197, 1206 n.5 (10th Cir. 2006) (declining to decide whether "whether de minimis injuries resulting from unreasonable seizures are compensable under § 1983").

The Fourth Amendment provides in pertinent part, "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation . . . ." Consequently, "an arrest warrant must be supported by probable cause to comply with the Fourth Amendment. Probable cause for an arrest warrant is established by demonstrating a substantial probability that a crime has been committed and that a specific individual committed the crime." *Taylor v. Meacham*, 82 F.3d 1556, 1562 (10th Cir. 1996). "It is a violation of the Fourth Amendment for an arrest warrant affiant to 'knowingly, or with reckless disregard for the truth,' include false statements in the affidavit." *Id.* "If an arrest warrant affidavit contains false statements, the existence of probable cause is determined by setting aside the false information and reviewing the remaining contents of the affidavit." *Id.* (quotation omitted).

Cummisky asserts that Mines falsely stated that Cummisky said to him, "why don't you come outside with me and we will settle this like men." Aplt. App. at 102. Even disregarding this portion of the affidavit, however, the arrest warrant was supported by probable cause. While it appears that the remainder of Mines' affidavit would not establish probable cause for the offense of assault on a police officer, that affidavit was not the only affidavit before the judge who issued the warrant. The assistant district attorney also filed an affidavit in support of the arrest warrant. Her affidavit was based not solely on Mines'

-6-

affidavit, but on all the evidence in front of her, including an unsworn statement by another officer, who is not a party to this case, confirming that the disputed comment was made, and the statements of two dispatchers who arrived at the restaurant shortly after the altercation. Because the warrant was supported by evidence other than Mines' statement that established probable cause, Cummisky's Fourth Amendment rights were not violated. *See also DeLoach v. Bevers*, 922 F.2d 618, 621-22 (10th Cir. 1990) (noting a Fourth Amendment violation where "the judicial finding of probable cause is based *solely* on information the officer knew to be false or would have known to be false had he not recklessly disregarded the truth") (emphasis added, quotation omitted). The grant of summary judgment to Mines on this claim is affirmed.[2]

## B. Malicious Prosecution

Cummisky also argues in passing that the district court erred in granting summary judgment on his malicious prosecution claim on the ground that the charges were dropped, so he could not show that the proceeding terminated in his favor. *See Novitsky*, 491 F.3d at 1258 (listing the elements of a malicious prosecution § 1983 claim).

---

[2] Cummisky also argues that, even assuming the facts recited by Mines were true, the allegations do not establish the elements of assault under Oklahoma law. This argument was not raised in the district court. This court generally does not consider arguments raised for the first time on appeal. *See Tele-Commc'ns, Inc. v. Comm'r*, 104 F.3d 1229, 1232-33 (10th Cir. 1997).

The grant of summary judgment to Mines was not improper. "In this circuit, when addressing § 1983 malicious prosecution claims, we use the common law elements of malicious prosecution as the 'starting point' of our analysis; however, the ultimate question is whether plaintiff has proven the deprivation of a constitutional right." *Id.* at 1257. This court recently held that "where criminal charges were brought but dismissed before trial, [the plaintiff] must allege a violation of the Fourth Amendment in order to proceed on a theory of § 1983 malicious prosecution." *Becker*, 494 F.3d at 919. As discussed above, Cummisky did not show a violation of the Fourth Amendment. Consequently, the grant of summary judgment to Mines on this claim is affirmed.

## *C. Stalking and Harassment*

Cummisky also asserted a claim against Mines, Mines' supervisors, and the city for alleged stalking and harassment by Mines. The claim primarily was based on Mines' driving slowly by Cummisky's house several times and Mines' videotaping Cummisky on at least two (and possibly more) occasions. The district court granted summary judgment for all defendants on this claim, holding that Mines' activities did not give rise to any constitutional violations.

On appeal, Cummisky does not argue that Mines' activities actually did violate his constitutional rights. *See* Aplt. Br. at 18-21. Instead, he focuses on various reasons why Mines' superiors and the city should be held liable for Mines' conduct. *Id.* Because Cummisky does not assert or support any

arguments regarding the constitutionality of Mines' conduct, he has waived any challenge to the district court's decision that Mines' activities did not violate his constitutional rights. *See Trackwell v. United States Gov't*, 472 F.3d 1242, 1247 (10th Cir. 2007). And as the district court concluded, because Mines did not violate Cummisky's constitutional rights, then the supervisors and the city cannot be liable under § 1983. *See Hinton v. City of Elwood*, 997 F.2d 774, 783 (10th Cir. 1993).

<div align="center">III.</div>

The judgment of the district court is AFFIRMED.

<div style="margin-left: 50%;">

Entered for the Court


Terrence L. O'Brien
Circuit Judge

</div>