**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 1, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAMES GOAD,

     Plaintiff - Appellant,

v.

TOWN OF MEEKER; SAMUEL D.
BYRD,

     Defendants - Appellees.

No. 15-6085
(D.C. No. 5:14-CV-00282-HE)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.
_____

James Goad sued the Town of Meeker and Meeker Police Chief Samuel D.

Byrd (the Defendants), asserting federal-civil-rights and state-law claims after Chief

Byrd obtained an arrest warrant based on Goad's allegedly making a false statement

to Meeker police. The district court granted summary judgment to the Defendants,

and Goad appeals. We first conclude that Goad has waived review of some of his

claims. For Goad's other claims, we conclude that the district court did not err in

considering information outside Chief Byrd's arrest-warrant application in its

probable-cause determination. We hold that, with that information, probable cause

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

supported the charge against Goad and the resulting seizure. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

### A.     Goad and the Meeker Police Department

Even before a dispute with police in which Goad claimed ownership of a pawnshop—which was the false statement underlying his charged crime—Goad had a history of conflict with the Meeker Police Department. On June 4, 2012, Goad had a dispute with Meeker Police Officer Sean Sugrue. While on traffic patrol, Officer Sugrue had parked his police car in front of Meeker Supply and Pawn—a pawnshop that Goad operated with his brother, Gerald Goad. Officer Sugrue's car was blocking the pawnshop's entrance when Goad arrived. Although the pawnshop was then closed, Goad told Officer Sugrue that he owned the pawnshop and that the officer needed to move the police car because Goad was expecting a delivery. Officer Sugrue refused to move, and Goad told Officer Sugrue that he was going to raise the issue with the city manager. Soon after this, Goad drove to Meeker City Hall to voice his grievances. When Officer Sugrue saw Goad heading toward City Hall, Officer Sugrue decided to follow so that he could meet with the town manager to explain his side of the story. Two days later, on June 6, 2012, Goad filed a citizen's complaint against Officer Sugrue. Chief Byrd, who was then Meeker's Assistant Chief of Police, investigated the complaint and issued verbal and written warnings to Officer Sugrue.

2

On February 16, 2013, eight months later, Officer Sugrue stopped Goad for driving 45 mph in a 35-mph zone.[1] Goad hired an attorney to defend him, and, on March 6, 2013, Goad's attorney requested Officer Sugrue's personnel files.

## B.     The Arrest-Warrant Application and Criminal Charge

On March 7, 2013, a local prosecutor working for Lincoln County (where Meeker is located) filed a criminal complaint against Goad for making a false statement, which was accompanied by Chief Byrd's arrest-warrant application. In the application, Chief Byrd declared that Goad had falsely sworn in an earlier citizen's complaint against Officer Sugrue that Goad owned the pawnshop. Chief Byrd found Goad's claim inconsistent with Goad's status as a convicted felon. Based on the arrest-warrant application, a Lincoln County District Court judge found probable cause to issue the arrest warrant. When Goad learned about the arrest warrant, he turned himself in at the Lincoln County Jail and was booked and released. On August 7, 2013, the local prosecutor moved to dismiss the charge, simply deeming dismissal to be "in the best interest of justice." Appellant's App. vol. 3 at 570. That same day, the state court granted the motion and dismissed the case without prejudice.

---

[1] In reviewing this matter, the federal district court concluded that "Officer Sugrue did not know the identity of the person he was pulling over when he initiated the traffic stop," because it was dark at the time of the incident and Goad was driving a different car from the one he had been driving during his June 4, 2012 encounter with Officer Sugrue. Appellant's App. vol. 3 at 805.

## C.    Goad's Lawsuit

On January 6, 2015, Goad filed a federal lawsuit against the Defendants,[2] alleging five claims for relief: (1) various civil-rights violations under 42 U.S.C. § 1983, (2) First Amendment retaliation, (3) malicious prosecution and abuse of process, (4) false arrest and unreasonable seizure, and (5) intentional infliction of emotional distress.[3]

The Defendants moved for summary judgment. Addressing Goad's first four claims, the Defendants argued that Goad had failed to present any evidence to support those claims. The Defendants also contended that Chief Byrd had probable cause to obtain the arrest warrant. In doing so, the Defendants relied on information beyond that which Chief Byrd had included in the arrest-warrant application.

In response, Goad disputed that probable cause supported the arrest warrant and contended that, in arguing for probable cause, the Defendants were limited to the information contained within the four corners of the arrest-warrant application. Goad then recited the allegations Chief Byrd made in the arrest-warrant application, argued that some of Chief Byrd's statements were false,[4] argued that those statements should

---

[2] Goad asserted municipal liability against the Town of Meeker.

[3] Goad pleaded the fifth claim for relief against only Chief Byrd.

[4] Specifically, Goad asserted that Chief Byrd falsely claimed that Goad was not allowed under Oklahoma law to conduct business or have any dealings with pawnshops, and that Goad was operating a pawnshop without a license. The first fact is not a fact at all, but a legal conclusion. The second fact would support Goad's making a false statement in his complaint. But Chief Byrd started investigating

4

be removed from consideration, and argued that the remaining facts failed to support a probable-cause finding that he had committed a crime. This being so, Goad argued that his seizure resulting from the arrest warrant was unreasonable under the Fourth Amendment.

The district court granted summary judgment for the Defendants on all of Goad's claims. In its order, the district court noted that "the question is not whether Byrd's written [arrest-warrant] application was sufficient to support a finding of probable cause, but is rather whether Byrd had probable cause for the charge at all." Appellant's App. vol. 3 at 807 n.9 (emphasis in original). Considering all of the information that Chief Byrd knew when he applied for the arrest warrant, the district court concluded that there was probable cause to believe that Goad had violated Okla. Stat. tit. 21, § 453 (2015), by making a false statement to law enforcement. Goad now appeals.

## DISCUSSION

On appeal, Goad argues that the district court erred in its probable-cause analysis by considering information beyond what Chief Byrd included within the four corners of the arrest-warrant application. In addition, Goad argues that the district court erred by concluding that he had confessed three of the First Amendment civil-

___

because Goad had mentioned that he had spent time in prison, causing Chief Byrd to wonder whether Goad was a felon who could not operate a pawnshop. The second fact has little relevance here.

5

rights violations in his first claim for relief (including his rights to free speech and to petition the government for redress of grievances).[5]

For the following reasons, we conclude that Goad has waived some of his claims. For Goad's other claims, we conclude that, in evaluating whether Goad's voluntary surrender was an unreasonable seizure, the district court was free to consider in its probable-cause analysis all of the information that Chief Byrd knew, and not just the information in Chief Byrd's arrest-warrant application. We also conclude that probable cause supported the false-statement charge against Goad.

## A. Standard of Review

We review de novo a district court's grant of summary judgment. *Baca v. Sklar*, 398 F.3d 1210, 1216 (10th Cir. 2005). Summary judgment is appropriate where the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "To avoid summary judgment, the nonmovant must make a showing sufficient to establish an inference of the existence of each element essential to the case." *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23

---

[5] Because he appealed from the district court's summary-judgment order, we consider almost all of Goad's claims reviewable on appeal. *See Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1192–93 (10th Cir. 1998) (limiting review to claims made regarding "final judgments or parts thereof that are designated in the notice of appeal") (citing Fed. R. App. P. 3(c)(1) (requiring notice of appeal to "designate the judgment . . . being appealed")). But since on appeal Goad has not raised his claims for intentional infliction of emotional distress, for the right to assistance of counsel, or for a substantive-due-process violation, he has waived them. *See Becker v. Kroll*, 494 F.3d 904, 913 n.6 (10th Cir. 2007) (concluding that an appellant waived claims she did not address in her opening brief).

6

(1986)). The nonmovant "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

## B.     Waiver

Before considering the merits, we address whether Goad has preserved all of his claims by raising them in the district court and to us.[6] In response to the Defendants' summary-judgment motion, Goad argued that Chief Byrd's arrest-warrant application failed to establish probable cause that he had committed the charged crime. And after limiting the available facts to those within the four corners of the arrest-warrant application, Goad argued that two of Chief Byrd's statements were false, warranting their removal from the probable-cause determination. *See Taylor v. Meacham*, 82 F.3d 1556, 1562 (10th Cir. 1996) (noting that probable cause must support an arrest warrant and determining probable cause by setting aside false information from an affidavit and including material, omitted information in the affidavit). Similarly, Goad argued that the Defendants had not met the Rule 56 standard for summary judgment for Goad's First Amendment-retaliation claim.

An appellant waives a claim if he fails to raise it in the district court and then fails "to argue for plain error and its application on appeal." *Campbell v. City of Spencer*, 777 F.3d 1073, 1080 (10th Cir. 2014). And even for claims raised in the district court, a party waives a claim if he does not raise it in his opening brief—even if he later raises it in his

---

[6] Indeed, Goad's discussion of what claims he actually wishes to raise on appeal is murky at best.

reply brief. *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011).[7] Under this rule, Goad has not waived his unreasonable-seizure, malicious-prosecution, abuse-of-process, false-arrest, and First Amendment-retaliation claims. By arguing against the district court's probable-cause determination, Goad has preserved review of those claims on appeal.

But Goad has waived his claims unrelated to probable cause. First, Goad has not addressed on appeal his intentional-infliction-of-emotional-distress or substantive-due-process claims. Because he has failed to mention those two claims in his opening brief, we will not consider them. *See Becker v. Kroll*, 494 F.3d 904, 913 n.6 (10th Cir. 2007) (concluding that an appellant waived claims that she did not address in her opening brief). Goad has also failed to argue against the district court's dismissal of his municipal-liability claims against the Town of Meeker. Thus, we decline to consider those claims. *Id.*

We also conclude that Goad has waived consideration of his First Amendment claims based on his rights to free speech and to petition for redress. True, Goad mentions

---

[7] Conversely, the appellants in *Reedy* waived a procedural-due-process claim because they "argue[d] only that they have a property interest in their prison wages" and did "not challenge the court's reasoning" that the process the prison provided was adequate. *Reedy*, 660 F.3d at 1275. Goad does far more than the plaintiffs-appellants in *Reedy*; he uses our precedent to challenge the district court's probable-cause determination and the adequacy of Chief Byrd's arrest-warrant application.

in his brief that the district court concluded that he had confessed[8] these First Amendment claims and disputes this as "simply not the case." Appellant's Opening Br. at 21. But Goad's First Amendment argument solely concerns his retaliation claim, ignoring any violation of his rights to free speech and to petition for redress. Nowhere does Goad say that he even argued those claims in his summary-judgment response. We affirm the district court's dismissal of these claims, noting that Goad has cited no legal authority in support of them. *See Champagne Metals v. Ken-Mac Metals, Inc.*, 458 F.3d 1073, 1092 (10th Cir. 2006) (citing *Rios v. Ziglar*, 398 F.3d 1201, 1206 n.3 (10th Cir. 2005) ("To make a sufficient argument on appeal, a party must advance a reasoned argument concerning each ground of the appeal, and it must support its argument with legal authority." (citation omitted))).

---

[8] We disagree with the district court's use of Local Civil Rule 7.1(g) to deem Goad's First Amendment claims (except retaliation) confessed. The rule provides:

> Each party opposing a motion shall file a response within 21 days after the date the motion was filed. Any motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed. The court may shorten or lengthen the time in which to respond.

United States District Court for the Western District of Oklahoma, *Local Court Rules* 10 (2015), http://www.okwd.uscourts.gov/wp-content/uploads/local_rules_11-26-2015.pdf.

Although a district court may prescribe local procedural rules, those rules must be "consistent with the Acts of Congress and the Federal Rules of Procedure." *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002). Many district courts have erroneously considered all "uncontested motion[s] confessed, making no exception for summary judgment motions." *Id.* at 1193. To the extent that this rule permits district courts to deem *claims* confessed, district courts relying on this local rule must still consider Fed. R. Civ. P. 56 before granting summary judgment. The district court did not do that here. Nevertheless, we need not reverse, because Goad has waived the claims the district court deemed confessed.

**C.     Voluntary Surrenders and Fourth Amendment Seizures**

At oral argument, Goad conceded that he was not arrested. But that does not mean that Goad was not seized. When Goad learned of the arrest warrant, he turned himself in to the Lincoln County Jail and was released after booking. Goad's "surrender to the State's show of authority constituted a seizure for purposes of the Fourth Amendment." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (plurality opinion); *see Cummisky v. Mines*, 248 F. App'x 962, 965 n.1 (10th Cir. 2007) (unpublished) (noting that "a person's 'surrender to the State's show of authority' by reporting to police after learning of an outstanding warrant 'constitute[s] a seizure for purposes of the Fourth Amendment'" (alteration in original) (quoting *Albright*, 510 U.S. at 271)).

**D.     Considering Information Outside of the Arrest-Warrant Application**

Goad first argues that the district court erred in its probable-cause analysis by considering information from outside of Chief Byrd's arrest-warrant application. Put another way, Goad contends that the district court should have determined whether there was probable cause for issuing the arrest warrant, not whether there was probable cause for the criminal charge against him in the complaint.

We disagree with Goad. To succeed on each of the remaining claims he raises, Goad must show the absence of probable cause for the criminal charge, not, as Goad argues, for issuance of the arrest warrant.

1.     <u>Fourth Amendment Unreasonable Seizure</u>

To prevail on his Fourth Amendment unreasonable-seizure claim, Goad would have to show that the Defendants lacked probable cause to support the charged crime

10

against him. Specifically, Goad must show a violation not of the Fourth Amendment's *Warrant Clause* but of the *Reasonableness Clause*. "[F]or § 1983 liability" in Fourth Amendment claims, "the seizure must be unreasonable." *Brower v. Cty. of Inyo*, 489 U.S. 593, 599 (1989) (quotation marks omitted). Put another way, even if Goad had been arrested rather than self-surrendering after learning of the arrest warrant, he could not "prevail merely by showing that [he was] arrested with a defective warrant; [he] must show that [he was] *unreasonably seized*." *Graves v. Mahoning Cty.*, -- F.3d --, 2016 WL 2753907, at \*2 (6th Cir. May 12, 2016) (emphasis in original); *see Molina v. Spanos*, No. 98-1499, 1999 WL 626126, at \*5–6 (10th Cir. Aug. 18, 1999) (unpublished) (noting that the Warrant Clause "has no application" to the constitutionality of the arrest, which considers whether there was probable cause "that a crime has been committed and that a specific individual committed the crime").

In *Graves*, the plaintiffs in a § 1983 action claimed that officers had seized and arrested them with illegal arrest warrants. *Graves*, 2016 WL 2753907, at \*1. The Sixth Circuit agreed with the plaintiffs that the arrest warrants had been "issued without any independent probable cause determination." *Id.* But the Sixth Circuit still affirmed because the plaintiffs did not establish a violation of the Fourth Amendment's Reasonableness Clause. *Id.* at \*2. The court was concerned not with whether the warrant was invalid, but whether the seizure (there, an arrest) was reasonable. *Id.* For support, the Sixth Circuit stated as "the general rule: '[E]ven [when] the arrest warrant is invalid,' probable cause is 'sufficient to justify arrest.'" *Id.* (alteration in original) (quoting *United States v. Fachini*, 466 F.2d 53, 57 (6th Cir. 1972)).

11

Just as the Sixth Circuit noted in *Graves*, seizures resulting from actual arrests do not require a warrant. *See Virginia v. Moore*, 553 U.S. 164, 170 (2008) (noting that "warrantless arrests . . . were . . . taken for granted at the founding") (citation and quotation marks omitted). And in cases involving arrests, courts ask not whether the warrant was valid, but whether the seizure was reasonable. *See, e.g.*, *United States v. Watson*, 423 U.S. 411, 414–24 (1976) (listing cases and considering whether there was probable cause for an arrest). Similarly, a "seizure having the essential attributes of a formal arrest" is reasonable only if probable cause supports it. *United States v. Ritchie*, 35 F.3d 1477, 1481 (10th Cir. 1994) (quoting *Michigan v. Summers*, 452 U.S. 692, 700 (1981)); *see Fuerschbach v. Sw. Airlines Co.*, 439 F.3d 1197, 1203 (10th Cir. 2006) ("A . . . seizure generally requires *either* a warrant *or* probable cause." (emphasis added)).

Goad contends that *Whiteley v. Warden, Wyoming State Penitentiary*, 401 U.S. 560 (1971), confines our evaluation of probable cause to the facts in the arrest-warrant application. There, the Supreme Court held that a conclusory complaint rendered an arrest warrant defective under the Fourth Amendment. *Whiteley*, 401 U.S. at 564–65. But in that case, the Supreme Court concluded that the officer lacked "probable cause for arrest without a warrant," *id.* at 566, and did not possess "any factual data tending to corroborate" that Whiteley and his codefendant had committed a crime, *id.* at 568. Only the latter deficiency established a violation of Whiteley's rights under the Fourth and Fourteenth Amendments. *See id.* at 568–69; *see also Graves*, 2016 WL 2753907, at *2 (holding that plaintiffs can prevail only by showing that they were unreasonably seized).

In short, the district court was free to look beyond the arrest-warrant application to determine if probable cause supported the criminal charge against him (which in turn led to the seizure).

2.      Malicious Prosecution and Abuse of Process

We next consider Goad's malicious-prosecution and abuse-of-process claims.[9] Although the common-law elements of malicious prosecution are the "starting point" for analyzing Goad's § 1983 claim, "'the ultimate question' in such a case 'is whether plaintiff has proven the deprivation of a constitutional right.'" *Wilkins v. DeReyes*, 528 F.3d 790, 797 (10th Cir. 2008) (quoting *Novitsky v. City of Aurora*, 491 F.3d 1244, 1257–58 (10th Cir. 2007)). In *Wilkins*, the plaintiffs "premised their § 1983 malicious prosecution claim on a violation of the Fourth Amendment right to be free from

_____

[9] The district court granted summary judgment in favor of the Defendants on Goad's abuse-of-process claim, concluding that "it is in essence one for malicious prosecution." Appellant's App. vol. 3 at 816. We agree with how the district court characterized Goad's claim. In his complaint, Goad alleged that "[a]t the time Mr. Byrd sought the arrest warrant for Mr. Goad, he was aware that no probable cause existed for the charges and that his Application for Warrant of Arrest was not truthful, but he nonetheless sought and obtained the arrest warrant to harass, intimidate and/or injure Mr. Goad." Appellant's App. vol. 1 at 20. A malicious-prosecution claim, however, is not to be confused with an abuse-of-process claim. Malicious prosecution must be "distinguished from abuse of process—the former lies for the malicious *initiation* of process and the latter for a *perversion* of the process *after* it is issued." *Greenberg v. Wolfberg*, 890 P.2d 895, 906 (Okla. 1994) (emphasis in original). Here, Goad's allegations relate only to the initiation of the proceedings against him. He does not allege anywhere that, once the process was initiated, the Defendants perverted the legal process. As the Oklahoma Supreme Court has explained, "there is no abuse if the court's process is used legitimately to its authorized conclusion." *Id.* at 905 (emphasis omitted). Thus, because the presence of probable cause defeats Goad's malicious-prosecution claim, it also defeats his abuse-of-process claim.

unreasonable seizures, [so] we analyze[d] the elements of their claim in light of Fourth Amendment guarantees." *Id.* Similarly (although not expressly invoking it), Goad roots his malicious-prosecution claim in the Fourth Amendment. In asserting this claim in his complaint, Goad repeatedly alleges that Chief Byrd lacked probable cause to seek an arrest warrant.

Because Goad's malicious-prosecution claim is based on the Fourth Amendment's right to be free from unreasonable seizure, we conclude that we can look beyond the arrest-warrant application to determine probable cause (which is one of the elements of a malicious-prosecution claim). *See Pitt v. District of Columbia*, 491 F.3d 494, 502 (D.C. Cir. 2002) ("The issue in a malicious prosecution case is not whether there was probable cause for the initial arrest, but whether there was probable cause for the underlying suit." (quotation marks omitted)).

### 3. False Arrest

To prevail on a false-arrest claim, Goad must establish a lack of probable cause supporting the charged crime. *See Kerns v. Bader*, 663 F.3d 1173, 1187 (10th Cir. 2011) (noting that the plaintiff must establish that his arrest was without probable cause); *Gouskos v. Griffith*, 122 F. App'x 965, 970 (10th Cir. 2005) (unpublished) ("The common-law tort of false arrest has a single element in Oklahoma: that the defendant-officer arrested the plaintiff without probable cause."). In *Kerns*, we reversed the denial of qualified immunity for the defendant officers because, notwithstanding "whatever mistakes, omissions, or misstatements they may have made in connection with the arrest warrant affidavit or in grand jury proceedings, there was still probable cause to arrest and

14

detain [Kerns] during the period of his prosecution." *Kerns*, 663 F.3d at 1187. At least two other circuits have considered "the facts and circumstances within the defendant's knowledge" to answer the probable-cause question. *Lawson v. Veruchi*, 637 F.3d 699, 703 (7th Cir. 2011); *see Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015) ("An officer possesses probable cause when, at the moment the officer seeks the arrest, 'the facts and circumstances within [the officer's] knowledge and of which [she] had reasonably trustworthy information [are] sufficient to warrant a prudent man in believing that the [plaintiff] had committed or was committing an offense.'" (alterations in original) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964))).[10] We do the same here.

### 4. First Amendment Retaliation

Similarly, we need not constrain our probable-cause analysis to the arrest warrant for Goad's First Amendment-retaliation claim. Among other elements, Goad must "plead and prove the absence of probable cause for the *prosecution*" in order to succeed on this claim. *Becker*, 494 F.3d at 925 (emphasis added). Because we consider whether probable cause supported the prosecution—and not just the arrest— we can look beyond the arrest-warrant application to resolve Goad's First Amendment-retaliation claim.

### E. Probable Cause for the Charge Against Goad

We now consider whether probable cause supported the charge filed against Goad.

---

[10] *See also Deville v. Marcantel*, 567 F.3d 156, 170 (5th Cir. 2009) ("It is well settled that if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." (quoting *Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994), *overruled on other grounds by Castellano v. Fragozo*, 352 F.3d 939, 949 (5th Cir. 2003) (en banc))).

Probable cause is a "common-sensical standard" that is "not reducible to precise definition or quantification." *Florida v. Harris*, 133 S. Ct. 1050, 1055 (2013) (quotation marks omitted). Rather, to establish probable cause, an officer must show "a substantial probability that a crime has been committed and that a specific individual committed the crime." *Wolford*, 78 F.3d at 489. A "bare suspicion" is not enough. *Kerns*, 663 F.3d at 1188.

In the arrest-warrant application, Chief Byrd swore as follows: (1) Goad filed a notarized citizen's complaint "based upon the conversation he had . . . with Meeker Police Officer Sean Sugrue"; (2) in the written complaint, Goad identified himself as the owner of Meeker Supply and Pawn; (3) "Goad is a convicted felon in the State of Oklahoma with a lengthy criminal record"; and (4) "[u]nder Oklahoma [s]tate [l]aw, Goad is not allowed to . . . conduct business or otherwise have any dealings with a pawn shop." Appellant's App. vol. 3 at 575. Based on this, Chief Byrd declared that "a false sworn declaration was given to [him] by Goad that was to be used in a personnel proceeding authorized . . . by law, [in violation of] Title 21 section 453." *Id.* Under section 453, it is a felony offense to "falsely prepar[e] any book, paper, record, instrument in writing, or other matter or thing, with intent to produce it, or

allow it to be produced as genuine upon any trial, proceeding or inquiry whatever, authorized by law . . . ."[11] Okla. Stat. tit. 21, § 453.

If we constricted our review to Chief Byrd's application, we would struggle to find probable cause for a violation of section 453. But two additional facts outside the arrest-warrant application support our conclusion that probable cause supported the charge against Goad. First, the prosecutor filed a Supplemental Information (on the same day she filed with the county court both the criminal complaint against Goad and the arrest-warrant application), stating that one of Goad's felony convictions was for knowingly concealing stolen property—a felony that we believe "substantially relates to the occupation of a pawnbroker or poses a reasonable threat to public safety." Okla. Stat. tit. 59, § 1503A(B).

Second, Chief Byrd knew from consumer-affairs officials that Goad was not listed as the owner of Meeker Supply and Pawn and that Goad's name was not listed on any of the pawnshop's information. The district court found that:

> Defendant Byrd knew plaintiff stated in a sworn statement that he was the owner of Meeker Supply and Pawn. It is undisputed that he also had been told by the Oklahoma Department of Consumer Credit, the agency that licensed and regulated pawnshops in Oklahoma, that plaintiff's name did not appear on any of the documents associated with Meeker Supply and Pawn and that Gerald Goad, not plaintiff, was the owner of the pawnshop. The court concludes defendant Byrd could presume the information provided by the Department of Consumer Credit was reliable and he therefore had reasonable grounds for believing plaintiff had violated [Okla.

---

[11] In the arrest-warrant application, Chief Byrd also listed two administrative statutes, later referred to the Oklahoma Attorney General's Office for review: (1) operating a pawnshop after a felony conviction, Okla. Stat. tit. 59, § 1503A(B); and (2) operating a pawnshop without a license, *id.* § 1512(C).

Stat. tit. 21, § 453], by making a false sworn declaration in his citizen's complaint that he owned Meeker Supply and Pawn. He also had a reasonable basis for believing plaintiff had violated [Okla. Stat. tit. 59, §§ 1503A and 1512(C)] by operating a pawnshop after a felony conviction and without a [license].

Appellant's App. vol. 3 at 813–14 (footnotes omitted). Based on this knowledge, the court explained that "the undisputed facts show probable cause to have existed for the arrest warrant and plaintiff's prosecution." *Id.* at 814.

Based on these facts and the information that Chief Byrd included in the arrest-warrant application, we agree that probable cause supported the charge of falsely preparing a writing for any legally authorized inquiry, a violation of section 453. And because probable cause supported the charge, Goad cannot succeed on his unreasonable-seizure, malicious-prosecution, abuse-of-process, false-arrest, and First Amendment-retaliation claims.

Before concluding, we note that Goad attempts to raise an issue that he failed to brief adequately in the district court.[12] Goad attempts to argue that his alleged conduct does not fit within any prohibition in section 453. Specifically, Goad

_____

[12] We also note that Chief Byrd argues that qualified immunity shields him from liability. But the district court concluded that Chief Byrd failed to adequately argue for qualified immunity in his summary-judgment motion. *See* Appellant's App. vol. 3 at 810 n.15 (noting that Chief Byrd's argument was "almost an afterthought" and did not apply the typical qualified-immunity analysis to Goad's claims). Because we conclude that probable cause supported the charge against Goad, we need not address whether Chief Byrd can now assert qualified immunity. *Cf. MacArthur v. San Juan Cty.*, 495 F.3d 1157, 1162 (10th Cir. 2007) ("We have consistently held . . . that 'qualified immunity can be raised at any time and a district court may enter . . . judgment on that ground at any point before trial at which it is appropriate.'" (second alteration in original) (quoting *Langley v. Adams Cty.*, 987 F.2d 1473, 1481 n.3 (10th Cir. 1993))).

contends that what Chief Byrd alleged in the arrest-warrant application was not a violation of section 453, because Goad did not file a non-genuine citizen's complaint. Rather, Goad asserts that Defendants are relying on an allegedly untrue, nonmaterial fact in a genuine citizen's complaint to support an alleged violation of section 453 (Goad contends that he did in fact own the pawnshop with his brother).

For good reason, the district court did not decide Goad's argument about the scope of section 453 in its summary-judgment order:

> Plaintiff did not raise any other defense to the applicability of [Okla. Stat. tit. 21, § 453] other than that he did not make a false statement. He states in his response to defendants' factual statement that "the charge does not fit the actual criminal statute," but does not develop the argument in his brief. Doc. #63, p. 20, ¶43. While there may be some basis for questioning the applicability of the statute, the court will not attempt to resolve an argument that was not adequately briefed. *See Rieck v. Jensen*, 651 F.3d 1188, 1191 n.1 (10th Cir. 2011) ("But an argument is not preserved by merely alluding to it in a statement of facts.").

Appellant's App. vol. 3 at 814 n.19. Goad has waived any argument about the scope of section 453 because he failed to raise it sufficiently in the district court and then failed to argue for plain error and its application on appeal. *Campbell*, 777 F.3d at 1080.

**CONCLUSION**

We conclude that, for some of his claims, Goad has waived appellate review. For Goad's remaining claims, we conclude that probable cause supported the charge against Goad. We affirm the district court.

Entered for the Court


Gregory A. Phillips
Circuit Judge

15-6085, *James Goad v. Town of Meeker, et al.*

**HARTZ,** Circuit Judge, concurring:

I join the panel opinion except insofar as it could be read to imply that the arrest of a person is lawful when (1) an arrest warrant for the person is not supported by probable cause; (2) the officer who executed the affidavit supporting the warrant had further information that, when considered in addition to the information set forth in the affidavit, would establish probable cause for the arrest; but (3) that officer did not communicate the additional information, directly or indirectly, to those who executed the arrest. Here, Goad's detention at the jail was lawful because (1) as conceded on appeal, he was not arrested and his booking was the same as it would have been based on the complaint alone, and (2) there was probable cause supporting the complaint.